IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEWIS GRANT,

    Plaintiff,

    v.                                                  1:24-cv-00010-JMR

FRANK BISIGNANO,[1] Commissioner
of the Social Security Administration,

    Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court on Plaintiff Lewis Grant's Motion for Relief Pursuant to FED. R. CIV. P. 60(b)(6) & Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum, filed on November 10, 2025. Doc. 27. The Commissioner takes no position on the fee petition. Doc. 28. Having reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised in the premises, I find the motion well taken and will GRANT it.

**I.    Procedural History**

Mr. Grant filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on October 8, 2021. AR 288–301.[2] The Social Security Administration ("SSA") denied his claim initially and on reconsideration. AR 182–91, 194–203.

---

[1] Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] Documents 12- through 12-9 constitute the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

Mr. Grant requested a hearing before an ALJ.  AR 212−13.  On March 23, 2023, ALJ Richard Exnicios held a hearing.  AR 85–118.  ALJ Exnicios issued his unfavorable decision on June 29, 2023.  AR 7–27.  On July 18, 2023, Mr. Grant requested review of the ALJ's unfavorable decision by the Appeals Council.  AR 286–87.  On October 31, 2023, the Appeals Council denied the request for review.  AR 1–6.  Mr. Grant filed his appeal to this Court on January 3, 2024.  Doc. 1.

Mr. Grant filed his Brief in Chief on April 1, 2024.  Doc. 21.  On June 27, 2024, the Commissioner filed an Unopposed Motion for Remand to Agency, pursuant to sentence four of 42 U.S.C. § 405(g), which the Court granted.  Docs. 22, 23.  On September 24, 2024, Mr. Grant filed a Stipulated Motion for Award of Attorney Fees Under the Equal Access to Justice Act ("EAJA"), requesting $6,500.00 in fees, which the Court granted.  Docs. 25, 26.

On remand, the ALJ issued a final administrative decision which was partially favorable to Mr. Grant.[3]  Doc. 27 at 2.  The SSA awarded Mr. Grant $65,687.00 in back benefits.[4]  Doc. 27-2 at 1.  By Notice of Award dated October 15, 2025, the Commissioner notified Mr. Grant that it had withheld $16,421.75 from his past-due benefits to pay for attorney's fees.  *Id.*  Mr. Grant's attorney, Zachary C. Mitzner, now requests that he be awarded $16,421.75 as attorney fees for legal services rendered before this Court.  *See* Doc. 27.  Attorney Zachary C. Mitzner

---

[3] Mr. Grant did not attach the ALJ's partially favorable decision.  The decision awarded Mr. Grant benefits beginning in March 2022.  Doc. 27-2 at 2.  Mr. Grant had alleged a disability onset date of March 31, 2020.  AR 13.

[4] The total back benefit award is calculated from the twenty-five percent of the total back benefit withheld, $16,421.75 (four times $16,421.75=$ 65,687.00).

2

requests that the attorney's fee award be made payable to Miles L. Mitzner[5] of Mitzner Law Firm, PLLC. *Id.* at 12.

**II.     Standard**

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court. *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both the EAJA and under § 406(b). *Id.* at 497.[6] If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant. *Id.*

---

[5] Attorney Miles L. Mitzner has not appeared in this case. The Tenth Circuit, however, "do[es] not require an entry of appearance in order for the court to grant compensation." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1252 (10th Cir. 1998).

[6] The Tenth Circuit has explained:

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001); 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

> Under 42 U.S.C. § 406(b)(1),
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable

---

*McGraw*, 450 F.3d at 497.

results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

**III.   Analysis**

First, the Court finds that Mr. Mitzner requested § 406(b) fees within a reasonable time. The ALJ issued a favorable decision and later mailed Mr. Grant a "Notice of Award" on October 15, 2025. Doc. 27-1. Mr. Mitzner filed his fee motion less than a month later on November 10, 2025. Doc. 27. The Court finds this to be filed within a reasonable time. *See Harbert v. Astrue*, No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n.1 (Aug. 16, 2010) (holding that fee petition "should be filed within a reasonable time of the issuance of the notice of award"); *see also Early*

*v. Astrue*, 295 F. App'x 916, 919 n.2 (10th Cir. 2008) (unpublished) (finding no error where district court assessed reasonableness from the date of the notice of award).

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits. The Court finds that it does. Mr. Grant signed a fee agreement on December 20, 2023, which states in part:

> If my case is appealed to the Federal Court and results in the case being sent back to the Social Security Administration for further evaluation (a remand), or by obtaining my benefits outright by court order, I understand that Miles L. Mitzner, Zachary C. Mitzner, and R. Chase Imgrund will be entitled to attorney fees and reimbursement of the Firm's costs for their work in Federal Court. The attorney's fees for representation **before the Federal Court** shall be the **GREATER** of the following:
>
> 1) 25 (twenty five) percent of the past-due benefits resulting from my claim or claims (which I understand may exceed $500.00 per hour), **OR**
> 2) Such amounts as my attorney is able to obtain pursuant to the Equal Access to Justice Act (EAJA). . . .
>
> **If my attorney, Miles L. Mitzner, Zachary C. Mitzner, or R. Chase Imgrund is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b), they will refund the smaller of the amounts between the 406(b) fees and the EAJA fees to me the client, or my family. Additionally, the EAJA fee return is subject to being offset for any applicable fees still owed to the Mitzner Law Firm.**
>
> **This agreement covers the hours spent on work in the federal court *in addition to* representation before the Social Security Administration.**

Doc. 27-1 at 1 (emphasis in original). In the instant fee motion, Mr. Grant's attorney requests $16,421.75.75, which constitutes 25% of his back benefit award of $65,687.00.

Third, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, the Court finds Mr. Mitzner's requested attorney's fees reasonable. Mr. Mitzner obtained a partially favorable outcome for Plaintiff, and he was not responsible for any appreciable delay in the resolution of the case. Mr. Mitzner's fee request of $16,421.75.75 is not disproportionately large in comparison to the amount of time spent on the case. *See* Doc. 27-3 (reflecting a total of

6

27.35 hours of attorney time on this case, or $600.42 per hour)[7] and is in line with other awards in this district under § 406(b).  Thus, the Court's independent review of the fee request finds the requested amount to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 27) is GRANTED.  Counsel is awarded $16,421.75.75 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing Plaintiff before this Court.  The Court authorizes this amount to be paid to attorney Miles L. Mitzner of Mitzner Law Firm, PLLC out of Plaintiff's past-due benefits in accordance with agency policy.

**IT IS FURTHER ORDERED** that counsel will refund to Plaintiff the $6,500.00 in attorney fees awarded under the EAJA.[8]  *See* Doc. 26.

*(signature)*
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent

---

[7] Mr. Mitzner also documents 2.90 hours of paralegal/law clerk time related to Plaintiff's federal appeal.  Doc. 27-3.

[8] If any amount of the EAJA fee was subject to the Treasury Offset Program, counsel need not refund the offset amount to Mr. Grant.  *See* 31 U.S.C. § 3716.